UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENHANCED COMMUNITY DEVELOPMENT, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-99** |
| **ADVANTAGE COMMUNITY HOLDING COMPANY, ET AL.** | **SECTION "B"(3)** |

## ORDER AND REASONS

Before the Court is Plaintiff Enhanced Community Development, LLC's ("Plaintiff") motion to remand and for attorney's fees and costs, **R. Doc. 3**; defendants Advantage Community Holding Company and Advantage LaPine QALICB, LLC's (collectively, "Defendants") opposition, R. Doc. 11; Plaintiff's reply in support, R. Doc. 13; **and** Defendants' motion to withdraw notice of removal, **R. Doc 9**.

For the following reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand and for attorney's fees and costs is **GRANTED**. Accordingly, this case is **REMANDED** to the Civil District Court for the Parish of Orleans; and Plaintiff is **AWARDED** attorney's fees, **the amount of which is subject to the Court conducting a hearing on June 5, 2024, at 9:00 a.m.,[1] <u>if needed</u>,[2] to determine the amount of the fee award.**

**IT IS FURTHER ORDERED** that any other motions pending in this action are **DISMISSED** as **MOOT**.

---

[1] We are "not divested of jurisdiction to award attorney fees and costs pursuant to [28 U.S.C.] § 1447(c) after a remand has been certified." *Coward v. AC & S., Inc.*, 91 Fed. Appx. 919, 922 (5th Cir. 2004).

[2] The parties should meet and confer in a good faith effort to reach a reasonable comprise before the June 5, 2024 hearing date.

**BACKGROUND**

On January 10, 2024, Defendants removed this action from the Civil District Court for the Parish of Orleans on the basis of diversity subject matter jurisdiction, 28 U.S.C. § 1332. R. Doc. 1. Seven days after the case was removed, Plaintiff filed a motion to remand and for attorney's fees and costs. R. Doc. 3.

Defendants, in their opposition to Plaintiff's motion to remand and for attorney's fees and costs, state that they "**do not oppose this matter being remanded to state court**." R. Doc. 11 at 1 (emphasis added). Therein, Defendants adopt and incorporate their arguments asserted in their motion to withdraw notice of removal, R. Doc. 9. *Id.* In their motion to withdraw notice of removal, Defendants provide that their removal of this action was improper because the parties are not diverse in citizenship, and thus, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a):

> Upon learning of Plaintiff's additional [Delaware] citizenship, Defendants learned **there could not be complete diversity between the parties sufficient for this Court to exercise subject matter jurisdiction under 28 U.S.C. §1332(a)** because Defendants' citizenship for purposes of diversity jurisdiction is also in Delaware. Thus, its Notice of Removal on the basis of diversity could no longer be supported . . .

R. Doc. 9 at 3 ¶ 5 (emphasis added).

Although the parties are in agreement on the issue of remand, they differ on Plaintiff's request for attorney's fees and costs. Defendants contend that since they filed a motion to withdraw notice of removal, plaintiff's request for attorney's fees and costs is "moot." *Id.* at 5 ¶¶ 8–9. Plaintiff says, "Defendants are wrong." R. Doc. 13 at 2. We address parties' specific arguments on this issue below.

**LAW AND ANALYSIS**

**I.      Diversity Subject-Matter Jurisdiction**

Under 28 U.S.C. § 1332(a), federal district courts have diversity subject-matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  Section 1332(a)'s requirement that the civil action be "between citizens of different states" for diversity subject-matter jurisdiction to exist is referred to as the complete diversity requirement.  "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).

Unlike determining citizenship of a corporation, where we look to the state of incorporation and the state where the corporation's principal place of business is located, 28 U.S.C. § 1332(c)(1), "the citizenship of a limited liability company [and other unincorporated associations and entities] is determined by the citizenship of all of its members," *Woods v. Hancock Whitney Bank*, No. 22-546, 2022 WL 1683425, at *1 (E.D. La. May 26, 2022) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)).

Here, Plaintiff's members are citizens of Louisiana, New York, and Delaware.  *See* R. Doc. 3-4; R. Doc. 3-1 at 6.  Accordingly, Plaintiff, for purposes of diversity subject-matter jurisdiction is a citizen of Louisiana, New York, and Delaware.  As Defendants note in their motion to withdraw notice of removal, "Defendants' citizenship for the purposes of diversity is also in Delaware."  R. Doc. 9-1 at 3.  Accordingly, § 1332(a)'s complete diversity requirement is not met.

For these reasons, this case must be remanded to the Civil District Court for the Parish of Orleans.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

II.     **Attorney's Fees and Costs**

The authority for an award of remand is provided in § 1447(c), which provides than "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); see also *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) ("The clear language of [§ 1447(c)] makes such an award discretionary."). "[T]he question we consider in applying § 1447(c) is whether the [removing defendant(s)] had **objectively reasonable grounds** to believe the removal was legally proper." *Valdes*, 199 F.3d at 293.

Because we consider objective reasonableness, Defendants' numerous urges that they filed their notice of removal in "good faith," *e.g.*, R. Doc. 11 at 1, is immaterial. To be sure, the Fifth Circuit has explicitly stated that "we do not consider [a removing defendant's] motive in removing the case to district court" and that we "may award fees even if removal is made in subject good faith." *Valdes*, 199 F.3d at 293.

In answering the question of whether Defendants "had objectively reasonable grounds to believe the removal was legally proper," at the time of removal,[3] *id.* at 293, we may consider whether the Defendants "could conclude from . . . case law" whether their decision to remove was legally proper, *id.* at 294.

Defendants assert they had "objectively reasonable bases" in removing the case. As the first basis, Defendants point to Plaintiff's state court petition, *see* R. Doc. 9 at 2–3 ¶¶ 1, 3, stating "the parties facially appeared to be completely diverse as Plaintiff was described as a Louisiana LLC and Defendants as Oregon LLCs," *id.* at 2 ¶ 3; *see also* R. Doc. 1-1 [Plaintiff's state court

---

[3] "We do . . . consider objectively the merits of the defendant's case at the time of removal." *Valdes*, 199 F.3d at 292 (citing *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)).

petition] at 1 ("Plaintiff . . . is a Louisiana limited liability company domiciled in Orleans Parish" and "Defendant[s] . . . [are] . . . Oregon limited liability compan[ies] domiciled in Lane County."). However, as Plaintiff points out, it is not "facially apparent" from the allegations of the parties' domicile in Plaintiff's state court petition that the parties were completely diverse. *See* R. Doc. 13 at 3. This is because a limited liability company's place of organization or domicile is irrelevant to its citizenship for purposes of diversity subject-matter jurisdiction. The case law we cited *supra* makes that clear: for purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of all of its members." *Woods*, 2022 WL 1683425, at *1 (citing *Harvey*, 542 F.3d at 1079). In fact, Defendants admit that they understood that "to properly plead diversity jurisdiction, the membership of the citizens of the LLC should be plead." R. Doc. 9-1 at 2. Thus, relying on Plaintiff's state court petition alone is not an objectively reasonable ground for removing this case.

The second basis Defendants point to is that even after conducting "extensive research" they "could not include factual allegations regarding Plaintiff's membership entities because" there was little to no publicly available information regarding the membership of Plaintiff. *See id.* at 2. Defendants say, "[t]he only publicly available information gleaned was from the Louisiana Secretary of State website that one member of [Plaintiff] was Enhanced Capital Group, LLC, yet another entity for whom there was no discernable information regarding membership." *Id.* Plaintiff questions the extent of Defendants "extensive research" stating: "A simple Google search of 'Who owns Enhanced Capital [Group, LLC]' would have pointed Defendants to information showing that it is owned by P10 Holdings, Inc., a publicly traded Delaware corporation located in New York." R. Doc. 13 at 5 (citing Press Release, *P10 Holdings Completes Previously Announced Transaction to Acquire Enhanced Capital Group*, Stone Point Capital (Dec. 15, 2020),

https://www.stonepoint.com/news/p10-holdings-completes-previously-announced-transaction-to-acquire-enhanced-capital-group/).[4] Based on the foregoing, we cannot say that limiting a search of the Louisiana Secretary of State cited by Defendants supports their objective reasonableness argument. That search should have alerted them to the need to use other available public platforms, e.g. Google, etc. to determine plaintiff LLC's members and their citizenship.

On this information alone, we find that Defendants did not have **objectively reasonable grounds** to believe the removal was legally proper. But nonetheless, we address Defendants assertion that the "first time" they learned that diversity jurisdiction was lacking was when Plaintiff filed it motion to remand for attorney's fees and costs. R. Doc. 9 at 3 ¶ 4.[5] We do so because Plaintiff addresses Defendants' assertion, explaining:

> On January 11, 2024, the day after the Notice of Removal was filed and a week before the Motion to Remand was filed, Plaintiff's counsel informed Defendants' counsel that citizenship had not been properly alleged as required under the prevailing jurisprudence. *See* Doc. 3-2, p. 2. **Plaintiff's counsel offered, multiple times, to voluntarily exchange information regarding the parties' citizenship for purposes of establishing diversity jurisdiction, or the lack thereof.** *Id.*; *see also* Doc. 3-3, p. 3. Plaintiff's counsel never requested jurisdictional discovery and his emails make clear that he did not think formal discovery was necessary. Docs. 3-2, 3-3. Defendants, however, refused to cooperate, forcing Plaintiff to waste time and money filing a Motion to Remand on January 17, 2024. *See* Doc. 3, 3-1, 3-3. Defendants then filed a Motion to Compel Arbitration in an effort to gain leverage, even though this Court clearly would not have jurisdiction because of a lack of diversity. Doc. 4. . . . As a result, Plaintiff has also been forced to file an opposition to that motion as well, incurring even more attorney's fees.

---

[4] In doing a Google search, the press release Plaintiff cited was the first result. Upon Googling "P10 Holdings, Inc., place of incorporation", the first result was a quarterly report, showing that P10 Holdings, Inc.'s state of incorporation is Delaware. See Unaudited Quarterly Report to Stockholder for the Three Months Ended June 20, 2019, https://ir.p10industries.com/static-files/03849cc0-c54b-4f12-a2ff-99bfa2a5aac9  (last visited April 19, 2024).

[5]     We note here that these facts do not count towards us finding that there was no objectively reasonable grounds to remove because we consider "objectively the merits of [Defendants'] case **at the time of removal**." *Valdes*, 199 F.3d at 292 (citing *Miranti*, 3 F.3d at 928). And these facts arose after Defendants' removal was filed.

R. Doc. 13 at 5–7.

It is unclear why Defendants' counsel did not pursue Plaintiff counsel's offer to voluntarily exchange jurisdictional information after this action was removed here. However, Plaintiff asserts that had Defendants cooperated, "there would be no basis for an award of attorney's fees" because such fees would not have been incurred in filing the motion to remand and motion for attorney's fees and cost, as well as Plaintiff's opposition to Defendants' motion to compel arbitration. *Id.* at 7.

For these reasons, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

Parties shall prepare for an evidentiary hearing to determine the amount of the award, including limited discovery if needed from one another. They should meet and confer in a good faith effort to reach a reasonable comprise. **Defendants' memorandum** in opposition to Plaintiff's request for $30,312.23 shall be filed **no later than May 24, 2024**; **Plaintiff's reply** shall be filed **within seven (7) days of receipt** of Defendants' opposition. **All of the above work shall be completed in sufficient time to have a hearing, if needed, on June 5, 2024, at 9:00 a.m**. Parties may **jointly** move to have an earlier hearing date. Additionally, if Parties reach a reasonable compromise before the June 5, 2024 hearing date, they shall notify the Court as soon as possible.

New Orleans, Louisiana this 19th day of April, 2024

SENIOR UNITED STATES DISTRICT JUDGE